UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
ELENA STRUJAN, :
:
Plaintiff, :
: 19-MC-504 (JMF)
-v- :
: ORDER
DOLLAR TREE STORES, INC., et al., :
:
Defendants. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Ms. Strujan's application for a *writ of coram nobis*, ECF No. 16, is DENIED. Ms. Strujan did not comply with the terms of the Bar Order to which she is subject, and which is attached here. Pursuant to that Order, Ms. Strujan may not file a civil action without first filing a motion for leave to file a complaint, accompanied by her proposed complaint. *See* 18-CV-8755, ECF No. 7. The Court will not sanction Ms. Strujan's attempt to circumvent the Bar Order by filing this action as a miscellaneous, rather than a civil, case. *See* 19-MC-410, ECF No. 3. Ms. Strujan's claims are appropriately asserted in a civil action and are therefore subject to the Bar Order. Accordingly, her claims were dismissed.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: January 29, 2020
New York, New York

JESSE M. FURMAN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELENA STRUJAN,

                Plaintiff,

-against-

COLUMBIA UNIVERSITY – A FICTION;
TEACHERS COLLEGE, COLUMBIA
UNIVERSITY, A FICTION; COLLEGE'S
EQUAL OPPORTUNITY OFFICER, A
FICTION, A MAN/A WOMAN; ALL
OTHERS UNLISTED, BOTH KNOWN AND
UNKNOWN,

                Defendants.

18-CV-8755 (LLS)

BAR ORDER UNDER
28 U.S.C. § 1651

LOUIS L. STANTON, United States District Judge:

    Plaintiff filed this action *pro se*. On October 9, 2018, the Court dismissed the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), because the doctrine of *res judicata* barred her claim. The Court also noted that Plaintiff filed nine other actions in this Court, four of which were dismissed as frivolous or for failure to state a claim, and ordered her to show cause by declaration within thirty days why she should not be barred from filing further actions *in forma pauperis* (IFP) in this Court without prior permission. On November 9, 2019, Plaintiff filed a 292-page declaration, but her arguments against imposing the bar order are insufficient.[1]

---

[1] During this thirty-day period, Plaintiff also filed four new actions in which she asserts claims that she previously raised in other actions in this Court. *See Strujan v. State Farm Ins.*, No. 18-CV-10280 (UA) (S.D.N.Y. filed Nov. 5, 2018); *Strujan v. Glencord Bldg. Corp.*, No. 18-CV-10237 (LLS) (S.D.N.Y. Nov. 14, 2018) (dismissing for failure to state a claim because the doctrine of *res judicata* barred the claim); *Strujan v. Lenox Hill Hosp.*, No. 18-CV-10079 (UA) (S.D.N.Y. filed Oct. 31, 2018); *Strujan v. American Online, Inc.*, No. 18-CV-9991 (LLS) (S.D.N.Y. Nov. 5, 2018) (same). On the same date that Plaintiff filed her declaration, she also filed an action against the Workers' Compensation Board. *See Strujan v. Workers' Comp. Bd.*, No. 18-CV-10403 (UA) (S.D.N.Y. filed Nov. 9, 2018).

## CONCLUSION

The Court bars Plaintiff from filing future civil actions IFP in this Court without first obtaining from the Court leave to file. *See* 28 U.S.C. § 1651. Plaintiff must attach a copy of her proposed complaint and a copy of this order to any motion seeking leave to file. The motion must be filed with the Pro Se Intake Unit of this Court. If Plaintiff violates this order and files an action without first filing a motion for leave to file, the Court will dismiss the action for failure to comply with this order. Plaintiff is further warned that the continued submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See id.* The Clerk of Court is directed to close this action.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November 21, 2018
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.